# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| SHERRY SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 5:25-CV-06058-BCW |
| KIRKLAND STORES, INC., | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's motion for remand. (Doc. #4). The Court being duly advised of the premises, grants said motion for remand and denies Plaintiff's request for attorney's fees.

On April 3, 2025, Defendant filed a notice of removal. (Doc. #1). On April 4, 2025, Plaintiff filed a motion for remand and a request for $8,600 in attorney's fees. (Doc. #4). On April 18, 2025, Defendant filed a motion consenting to remand and opposing Plaintiff's request for attorney's fees. (Doc. #6).

### A. Both parties consent to remand.

After resolving a miscommunication regarding punitive damages, the parties agree to remand. (Doc. #6 at 2). The Court orders the Clerk of Court to remand this matter to the Circuit Court of Buchanan County. The motion for remand is granted.

### B. Attorney's Fees

Now, the Court considers whether Plaintiff shall receive attorney's fees for responding to Defendants' notice of removal. 28 U.S.C § 1447(c) states, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, attorney's fees should not be awarded under 28

1

U.S.C §1447(c) when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Cap. Corp., 546 U.S. 132 (2005).

Plaintiff seeks $8,600 for 10.75 hours of work spent responding to Defendant's notice of removal at a rate of $800.00 per hour. (Doc. #4 at 5). Plaintiff argues Defendant did not have a basis under 28 U.S.C §1332 and that the notice of removal was frivolous, in bad faith, and untimely filed under 28 U.S.C § 1446(b)(3) because defendant knew the amount in controversy is below $75,000 based upon interrogatories and Plaintiff's deposition. Id. at 2. (Doc. #4-1,4-2). Plaintiff argues that upon receipt of the notice of removal, Plaintiff's counsel immediately contacted Defendant's counsel to explain the unwitting addition of the punitive damage language. (Doc. #7 at 2). The Court interprets "immediately' to mean April 3, 2025. Plaintiff argues attorney's fees are appropriate under 28 U.S.C §1447(c) because Defendant did not have a reasonable basis for removal. (Doc. #7 at 1).

Even though Defendant consents to remand, Defendant argues that removal was timely and proper under 28 U.S.C § 1446(b)(3) upon receipt of Plaintiff's jury instruction packet seeking punitive damages under the MCHR. Mo. Rev. Stat. § 213.111(2). (Doc. #4 at 4, Doc. #6 at 2). Defendant argues the punitive damages language in Plaintiff's jury instruction packet serves as first notice of the increase in the amount in controversy, which established grounds for removal. (Doc. #6 at 2). Defendant argues Plaintiff's drafting error was the catalyst for Defendant filing its Notice of Removal and it should not pay for an error of Plaintiff's own creation. Id.

Plaintiff contends that she immediately contacted Defendant after Defendant filed its notice of removal, but Plaintiff does not note a date or time of contact. (Doc. #7 at 2). Based upon the availability of punitive damages under Mo. Rev. Stat. § 213.111(2), RSMo, the Court finds that Defendant's notice of removal was justified. The Court does not find any unusual circumstances

2

in this case warranting the payment of just costs or attorney's fees. Plaintiff's, motion is therefore denied. Accordingly, it is hereby

ORDERED Plaintiff's motion for remand is GRANTED. The Clerk of the Court is directed to remand case number 24BU-CC00676 to the Circuit Court of Buchanan County, Missouri. It is further

ORDERED Plaintiff's request for attorney's fees is DENIED.

IT IS SO ORDERED.

Dated: June 10, 2025 /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT